UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MUNSON HARDISTY, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:15-CV-547-TAV-CCS ) |
| LEGACY POINTE APARTMENTS, LLC, | ) ) |
| Defendant. | ) ) |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff's renewed Motion for Leave to File Documents Under Seal [Doc. 61]. Defendant filed a response in opposition [Doc. 65], and plaintiff replied [Doc. 75]. For the reasons discussed herein, the Court will grant plaintiff's motion.

**I.    Background**

The documents at issue in this motion to seal relate to plaintiff's Motion to Disqualify the law firm Long, Ragsdale & Waters, P.C. [Doc. 17]. Plaintiff initially moved to file the documents under seal in connection with its reply brief in support of that motion [Doc. 35]. On December 8, 2016, United States Magistrate Judge C. Clifford Shirley, Jr. granted plaintiff's motion to disqualify, but denied without prejudice its motion for leave to file the documents under seal [Doc. 54]. In denying the motion to seal, Judge Shirley stated "plaintiff may refile [the motion] consistent with Local Rule 26" [*Id.* at 19].

On December 22, 2016, defendant filed an objection to Judge Shirley's disqualification order [Doc. 56]. Subsequently thereafter, plaintiff filed the instant renewed motion for leave to file the relevant documents under seal [Doc. 61].

## II. Standard

When parties place materials in a court record, "there is a strong presumption that [the documents] should be open to the public." *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009). "The burden of overcoming that presumption is born by the party that seeks to seal them." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The party must show that there is a "compelling reason" to justify sealing the documents, and that the seal is "narrowly tailored to serve that reason." *Id.* In doing so, the proponent of sealing "must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06.

## III. Analysis

In its renewed motion, plaintiff asks the Court to permit it to file twenty-three documents under seal. Plaintiff submits that filing these documents under seal is warranted because portions of the documents are covered by attorney-client and/or work product privilege. In support of its motion to seal, plaintiff filed the proposed documents under seal for the Court's review [Doc. 62], and also publicly filed redacted versions of the documents [Doc. 61-2].

Defendant opposes plaintiff's motion. Defendant contends that the Court should not permit plaintiff to file these documents under seal because: 1) plaintiff's attempt to file these documents in support of a motion that has already been decided is improper; 2) plaintiff's filing is untimely and plaintiff has not made the required showing of excusable neglect to file these documents late; and 3) plaintiff has not carried its burden of showing that the documents should be sealed.

As an initial point, the Court notes that Judge Shirley gave plaintiff permission to refile the relevant documents when he denied plaintiff's initial motion to seal, and furthermore he did not provide plaintiff with any time limit for refiling the documents [*See* Doc. 54 p. 19]. Although defendant has filed an objection to Judge Shirley's disqualification order, it has not objected to the portion of the order in which Judge Shirley invited plaintiff to refile the relevant documents [*See* Doc. 56]. Therefore, to the extent that defendant opposes plaintiff's motion on the grounds that plaintiff's attempt to refile the documents is improper, or that the filing of these documents is untimely, these arguments are not well taken.[1]

The Court next considers whether plaintiff has carried its burden of showing that the relevant documents should be filed under seal. In order to meet this burden, plaintiff must show both a compelling reason that these documents should be filed under seal and that the seal is narrowly tailored to that reason. *See Shane Grp.,* 825 F.3d at 305. Plaintiff argues that it has met this burden because the relevant documents contain information protected by the attorney-client and work-product privileges. In support of this argument, plaintiff submits the declaration of attorney Janet Gertz, who provides that she has reviewed and redacted the documents for claims of privilege [Doc. 61-1]. Plaintiff also submits a privilege log of the relevant documents, including a brief description of each document as well as the type of privilege claimed [*Id.*].

---

[1] The Court notes defendant's arguments related to Judge Shirley's consideration of these documents in his disqualification order. The Court does not find it appropriate to address these arguments in the context of the motion to seal, but rather will address these arguments in a separate opinion addressing defendant's objection to Judge Shirley's disqualification order [Doc. 56].

Upon review of the proposed sealed documents, Gertz's declaration, and plaintiff's privilege log, the Court finds that plaintiff has demonstrated a compelling reason sufficient to warrant the filing of these documents under seal. Courts within this circuit have found such a compelling reason where documents implicate "the privacy rights of participants or third parties." *See In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d at 915. Documents invoking either work-product or attorney-client privilege implicate such privacy rights and, therefore, provide grounds for plaintiff to file the documents under seal. *See e.g.*, *Criswell v. City of O'Fallon*, No. 4:06CV01565, 2008 WL 2206391, at *3 (E.D. Mo. May, 23 2008) (ordering that documents protected by attorney-client privilege be placed under seal).

In addition, plaintiff filed a public version of these documents with only minimal redactions [Doc. 61-2]. Indeed, although the documents total over one hundred pages, many of the pages contain either no redactions at all, or only a few redacted words [*See e.g., id.* at 7]. Because the public versions of the relevant documents are only lightly redacted to prevent the disclosure of privileged information, the Court finds that plaintiff's request is narrowly tailored. *See Shane Grp.,* 825 F.3d at 305.

In opposing the motion to seal, defendant argues that plaintiff's privilege log fails to recognize that "all communications between an attorney and her client are not privileged," and does not adequately explain the reasons for why redacted information is privileged [Doc. 65 p. 11]. The Court notes, however, that plaintiff specifically redacted the documents to omit only limited information, and thus did not claim privilege for all communications between an attorney and client. Furthermore, plaintiff's privilege log provides a description of each document, as well as information regarding the sender, recipient, and type of

4

privilege claimed [Doc. 61-1 pp. 2–6]. Considering that the Court has reviewed the unredacted documents, and considering also Gertz's declaration, the Court finds that this privilege log is sufficient to provide the Court with reasons as to why the redacted information is privileged.

In sum, the Court finds that plaintiff has met its burden of demonstrating a compelling reason that these documents should be filed under seal, and has also demonstrated that the request is narrowly tailored. *See Shane Grp.,* 825 F.3d at 305.

**IV.     Conclusion**

For the reasons discussed herein, the Court hereby **GRANTS** plaintiff's Renewed Motion for Leave to File Documents Under Seal [Doc. 61]. The Clerk is **DIRECTED** to file the previously submitted proposed sealed documents [Doc. 62] under seal.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
