UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MUNSON HARDISTY, LLC, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-547-TAV-HBG |
| | ) | |
| LEGACY POINTE APARTMENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This civil matter is before the Court on defendant's Objection [Doc. 56] to United States Magistrate Judge C. Clifford Shirley Jr.'s December 8, 2016, Order [Doc. 54]. Plaintiff responded to the objection [Doc. 64], and defendant replied [Doc. 66].[1] For the reasons explained herein, the Court will affirm the ruling of the magistrate judge.

**I.   Standard of Review[2]**

The Motion to Disqualify Counsel [Doc. 17] was before the magistrate judge pursuant to 28 U.S.C. § 636(b). That provision states: "A judge of the court may reconsider any pretrial matter under [28 U.S.C. § 636(b)(1)(A)] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A)]. Moreover, Federal Rule of Civil Procedure 72(a) provides that a district judge must "set aside any part of [a nondispositive] order that is clearly erroneous or is

---

[1] The Court notes that plaintiff's response to the objection was not timely filed [Doc. 64]. Because defendant filed a reply to the response [Doc. 66], the Court finds that it is appropriate to consider both plaintiff's response and defendant's reply in reaching its conclusions.

[2] The Court assumes familiarity with Judge Shirley's Order [Doc. 54].

contrary to law." Fed. R. Civ. P. 72(a). As the instant matter is nondispositive, this Court will consider defendant's objection and set aside the magistrate judge's order only if it is "clearly erroneous or contrary to law." *Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 848 (E.D. Tenn. 2003). This standard mandates that the district court affirm the magistrate's decision unless, "on the entire evidence, [it] is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

## II. Analysis

Judge Shirley disqualified defendant's counsel Long, Ragsdale & Waters ("LRW") from this case based on his finding that LRW attorney Taylor Forrester was substantially involved in the representation of plaintiff in a related case. Defendant objects to the disqualification, arguing that it is clearly erroneous because: 1) Judge Shirley improperly relied on the Bond Action to disqualify LRW; 2) the Order applied the incorrect legal standard by improperly conflating exposure to allegedly confidential information with substantial involvement; and 3) the Order erroneously relied upon plaintiff counsel's description of undisclosed documents not in the record in holding that plaintiff had carried its burden of proof. Defendant also argues that in the event that the Court disagrees with defendant's objections, the Court should defer a ruling to permit the state court handling the Interpleader Action to determine the disqualification issue. The Court will address each of these arguments in turn.

### A. Whether the Disqualification Is Based on the Bond Action

Defendant first contends that the Order is clearly erroneous because Judge Shirley relied upon the Bond Action in disqualifying LRW. Defendant argues that any reliance on the Bond Action was improper because it was not pending at the time Forrester changed firms.

The Court has considered this argument in light of the Order, and finds that it is not well taken. While Judge Shirley did find in the Order that both the Bond Action and the Interpleader Action are substantially related to this case, Judge Shirley actually based the disqualification on the fact that Forrester was substantially involved in the Interpleader Action, not the Bond Action [*See* Doc. 54 p. 19 ("Accordingly, the Court finds that Attorney Forrester was substantially involved in the Interpleader Action and that pursuant to Rule 1.10(d) LRW is disqualified from this case.")]. Therefore, because Judge Shirley based LRW's disqualification on Forrester's substantial involvement in the Interpleader Action and not the Bond Action, the Court will overrule defendant's objection in this regard.

### B. Finding of Substantial Involvement

Defendant next contends that Judge Shirley applied the incorrect legal standard in disqualifying LRW. Specifically, defendant argues that instead of basing the disqualification on whether Forrester was substantially involved in the Interpleader Action, Judge Shirley based the disqualification on the fact that Forrester was exposed to confidential information in that case. In particular, defendant points to portions of the

Order that state that Forrester was substantially involved in the Interpleader Action "because he was privy to conversations that involved theories," and because he had access to plaintiff's file [Doc. 54 p. 18]. Thus, defendant asserts that the Order "erroneously equates the access to confidential information with being substantially involved in the Interpleader Action" [Doc. 57 p. 12].

The Court notes that while Judge Shirley did base his finding of substantial involvement in part on the fact that Forrester was privy to conversations that involved theories, Forrester's presence and participation in these conversations shows more than the mere access to confidential information. Rather, as Judge Shirley noted, it shows that Forrester participated in strategic telephone conferences, and even possibly at one point summarized the legal theory of the Interpleader Action [Doc. 54 p. 18]. Furthermore, Judge Shirley also based his decision that Forrester was substantially involved in the Interpleader Action in part on Forrester's participation in a deposition [Doc. 54 p. 18]. Indeed, Forrester concedes in his declaration that he was the attorney covering this deposition [Doc. 26 pp. 3–4]. Therefore, because the activities Judge Shirley described go far beyond the access to confidential information, defendant's argument that Judge Shirley misapplied the standard for substantial involvement by conflating it with access to confidential information is not well taken.

While defendant argues that Forrester's participation in the conferences and deposition do not rise to the level of substantial involvement due to Forrester's status as an associate attorney and the limited preparation required for the deposition, it is not the

Court's role to substitute its judgment for that of Judge Shirley. Rather, "the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *See Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 851 (E.D. Tenn. 2003). Forrester's participation in the deposition, as well as his participation in discussions of legal theories, constitutes evidence that supports Judge Shirley's conclusion that Forrester was substantially involved in the Interpleader Action.[3] In addition, Judge Shirley's conclusion is supported by other evidence in the record, such as the affidavit of John Hardisty [*See e.g.,* Doc. 17-1 pp. 3–4 ("Mr. Forrester was also involved in discussions with my California counsel concerning, *inter alia*, strategy in the litigation in several jurisdictions . . . .")].

In sum, the Court finds that Judge Shirley did not apply an incorrect standard for substantial involvement, and the Court will overrule defendant's objection in this regard.

### C. Use of the Sealed Documents

Defendant next objects to the Order's reliance on sealed documents. As there have been case developments bearing on this issue subsequent to defendant filing its objection, the Court finds it useful to provide a brief background.

---

[3] The Court notes that defendant cites to the case *Eberle Design, Inc. v. Reno A&E*, 354 F. Supp. 2d 1093 (D. Ariz. 2005), for the proposition that an attorney is not substantially involved in a matter merely by obtaining confidential and sensitive client information [Doc. 57 p. 11]. Because Judge Shirley did not base his decision only on Forrester's access to confidential information, *Eberle* does not conflict with Judge Shirley's conclusions.

In support of its initial motion to disqualify, plaintiff submitted the affidavit of John Hardisty [Doc. 17-1]. Defendant subsequently responded in opposition to the motion to disqualify, submitting in support a declaration by Forrester, in which Forrester refuted a number of the assertions from the Hardisty affidavit [Doc. 26]. Plaintiff replied, and included with the reply a number of proposed documents, which plaintiff moved for leave to file under seal [Docs. 35–36]. Plaintiff contended that the documents should be filed under seal because they contain privileged information. Judge Shirley subsequently found that plaintiff had not met its burden of showing that the documents should be filed under seal, and accordingly denied the motion to seal with leave to refile [Doc. 54]. In disqualifying LRW, however, Judge Shirley cited to plaintiff's attorney Janet Getz's oral description of the contents of these proposed sealed documents [*See e.g.*, Doc. 54 p. 18]. Subsequent to defendant filing this objection, and in accordance with Judge Shirley's invitation to refile the documents, plaintiff filed a renewed motion for leave to file the documents under seal [Doc. 61]. The Court then granted that motion, finding that plaintiff had met its burden of demonstrating that the documents should be filed under seal [Doc. 77].

Defendant contends that Judge Shirley's citing to these documents in disqualifying LRW renders his Order clearly erroneous. In particular, defendant argues that because plaintiff submitted the documents with its reply brief, and because Judge Shirley denied plaintiff's motion for leave to file the documents under seal, plaintiff did not have an opportunity to respond to the documents and they were never a part of the record.

6

Additionally, defendant argues that Judge Shirley's reliance on Getz's descriptions of the documents was unfair and prejudicial.

As an initial point, the Court notes that although plaintiff did not file the initial motion to seal contemporaneously with its motion to disqualify, it filed the documents to rebut Forrester's affidavit. Therefore, because defendant submitted Forrester's affidavit with its response, it was not improper for plaintiff to file the documents in support of its reply brief as opposed to contemporaneously with its motion to disqualify. Additionally, while Judge Shirley did cite to Getz's description of documents that he did not then permit to be filed under seal, the Court recently granted plaintiff's renewed motion for leave to file these very documents under seal [Doc. 61]. In connection with that motion, on January 3, 2017, plaintiff publicly filed lightly redacted versions of the relevant documents [Doc. 61-2]. Defendant then filed its reply in support of this objection on January 17, 2017, after having had an opportunity to view these redacted documents. While defendant's reply takes issue with plaintiff's characterization of a number of the relevant documents, it does not attack the veracity of the findings that Judge Shirley actually made based on the description of the documents.

Specifically, Judge Shirley found that Forrester was a participant in a telephone conference where case strategy was discussed, that he participated in a deposition, and that he had access to plaintiff's file [Doc. 54 p. 18]. While defendant argues that these activities are not sufficient to support Judge Shirley's finding of substantial involvement, an argument that the Court has already rejected, defendant does not appear to argue that

these facts are not true. Furthermore, while defendant repeatedly criticizes plaintiff's characterizations of the documents, it frequently concedes that Judge Shirley rejected those characterizations [*See e.g.*, Doc. 57 p. 19 ("Magistrate Judge Shirley spotted the inconsistency immediately."]. Therefore, the Court finds that there was no prejudice to defendant in Judge Shirley having relied on the sealed documents or plaintiff counsel's description of those documents, because defendant has not taken issue with any of Judge Shirley's actual findings based on those documents. Significantly, these findings are also supported by other evidence that was in the record at the time Judge Shirley disqualified LRW, such as Hardisty and Forrester's declarations [*See e.g.,* Doc. 17-1 pp. 3–4 ("Mr. Forrester was also involved in discussions with my California counsel concerning, *inter alia*, strategy in the litigation in several jurisdictions . . . ."); Doc. 26 p. 4 (stating that Forrester participated in a telephonic deposition in the Interpleader Action)].

Furthermore, there is additional evidence in both Hardisty and Forrester's affidavits that, although not cited by Judge Shirley, supports his conclusion that Forrester was substantially involved in the Interpleader Action. For instance, Forrester concedes in his affidavit that he was tasked with arguing and drafting a motion to stay in that case [Doc. 26 p. 6]. Forrester's affidavit also indicates that he communicated with the client on at least several occasions [*Id.*]. While Forrester seeks to downplay the extent and significance of his involvement, these actions are further evidence that he was substantially involved in the Interpleader Action. Thus, even without considering the

8

sealed documents, there is ample evidence to support Judge Shirley's conclusions. *See Nisus Corp.*, 327 F. Supp. 2d at 851.

In sum, the Court is not left with "the definite and firm conviction that a mistake has been made," and as such, will affirm Judge Shirley's Order disqualifying LRW. *See Heights Cmty. Congress*, 774 F.2d at 140.

### D. Deferring a Ruling

Defendant also argues that in the event that the Court disagrees with its substantive objections to Judge Shirley's Order, the Court should defer issuing a ruling on the objection. Defendant asserts that this is appropriate because the disqualification issue would best be decided in the context of the Interpleader Action, which is currently pending in Knox County Chancery Court. Defendant submits that as the primary disqualification issue is whether Forrester was substantially involved in the Interpleader Action, the court handling the Interpleader Action is in the best position to make a disqualification determination.

The Court has considered defendant's argument, and finds that deferring a ruling on the objection is unwarranted. First, Judge Shirley has already issued an order disqualifying LRW from this case, and the Court has itself invested time and resources in considering defendant's objections. Permitting a different court to rule on the disqualification issue would thus be a significant waste of judicial resources. Additionally, deferring a ruling on the disqualification issue would prevent the Court from ruling on dispositive motions in this case, as the Sixth Circuit has cautioned that "a

9

district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely." *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013). As such, the Court will not defer ruling on the objection.

**III. Conclusion**

For the reasons discussed herein, the Court hereby **OVERRULES** defendant's Objection to Judge Shirley's Order [Doc. 56]. Furthermore, as the Court has now resolved the attorney disqualification issue, the Clerk of Court is directed to **LIFT** the stay in this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE