UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MUNSON HARDISTY, LLC, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:15-CV-547-TAV-DCP |
|  | ) |  |
| LEGACY POINTE APARTMENTS, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Defendant's Motion to Dismiss Under Rule 12(b)(7) for Failure to Join an Indispensable Party [Doc. 211]. Defendant seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(7), for failure to join a party under Rule 19 [*Id.*]. Plaintiff responded to this motion [Doc. 220], and defendant replied [Doc. 226]. Defendant's motion is therefore fully briefed and ready for disposition. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained below, defendant's motion will be denied.

**I.     Background**

Plaintiff Munson Hardisty, LLC ("Plaintiff") brought this action against defendant Legacy Pointe Apartments, LLC ("Defendant") for the following claims: (1) discrimination and retaliation action under the False Claims Act, 31 U.S.C. § 3730(h); (2) breach of contract; (3) *quantum meruit*; (4) unjust enrichment; (5) violation of the Prompt Pay Act of 1991, Tenn. Code Ann. §§ 66-34-101 *et seq.*; (6) constructive trust; (7) lien *lis pendens*; and (8) violation of the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1962(c) [Doc. 86, pp. 17–27]. The dispute between the parties relates to a project to construct an apartment complex located in Knoxville, Tennessee (the "Project") [*Id.* at 1–2]. Defendant was formed for the purpose of constructing the Project and operating the apartment complex after the Project's completion [*Id.*]. The Project was funded through a loan offered and insured by the Department of Housing and Urban Development ("HUD") [*Id.* at 2]. Defendant hired plaintiff as the general contractor on the Project [*Id.*]. Plaintiff and defendant entered into a contract governing the construction of the Project on September 13, 2007 ("Construction Contract") [*Id.* at 6]. According to the Construction Contract, defendant agreed to pay plaintiff the actual cost of construction and a fee of the Builder's and Sponsor's Profit and Risk Allowance ("BSPRA"), not to exceed $18,047,049 [*Id.*].

During the Project, defendant modified the work plaintiff was required to complete under the Construction Project ("Modifications") [*Id.* at 7]. Plaintiff alleges that defendant did not submit the Modifications to HUD or the Project's lender for approval, even though any changes to the work were required to be approved in writing by the Lender and the HUD Commissioner [*Id.*]. The Modifications required significant extra work from plaintiff [*Id.*]. As a result, completing the Project caused plaintiff to incur costs and debts exceeding the maximum amount defendant agreed to pay under the Construction Contract [*Id.*]. These additional costs and debts amounted to roughly $2,120,538 ("Claims for Extra Work") [*Id.*]. Plaintiff alleges it owed the Claims for Extra Work to certain subcontractors, vendors, and suppliers that performed work on the Project ("Subcontractors") [*Id.*].

In early 2009, defendant's manager and majority member, Harold Moore ("Moore"), promised John Hardisty ("Hardisty") that State Insulation, LLC, a limited liability company in which Moore was a member, would pay the Claims for Extra Work to the Subcontractors in return for plaintiff waiving its right to receive payment for amounts owed under the Construction Contract (the "Incentive Agreement") [Doc. 86, p. 2; Doc. 125-2, p. 11; Doc. 191, p. 3]. However, plaintiff alleges that defendant and State Insulation entered into an agreement to appropriate for themselves the amounts plaintiff alleges it is owed under the Construction Contract [Doc. 86, pp. 25–26]. State Insulation purchased assignments of the Subcontractor's claims for payment for the Claims for Extra Work [*Id.* at 9]. State Insulation then continued to hold these assignments [*Id.* at 3].

After State Insulation took assignment of the Subcontractors' claims, defendant represented to HUD that there were no outstanding liabilities to the Subcontractors [*Id.*]. When the Project's permanent financing closed in August 2009, defendant certified to HUD that all claims relating to the Project had been or would be paid within 45 days and that no debts were outstanding to plaintiff for work on the Project [*Id.* at 9]. In late 2012, defendant obtained refinancing through HUD [*Id.* at 12]. In obtaining this refinancing, defendant again certified that all claims resulting from the construction of the Project had been paid and that nothing was owed to plaintiff [*Id.* at 12–13]. Plaintiff, as a member of defendant, refused to consent to the refinancing [*Id.* at 14].

In October 2009, State Insulation filed a claim in the Knox County Chancery Court ("Bond Claim Action") against Great American Insurance Company ("GAIC"), which was

3

the surety of the bonds associated with the Project [*Id.* at 11]. State Insulation asserted that plaintiff failed to pay the Claims for Extra Work [*Id.*]. In June 2012, State Insulation and GAIC dismissed the Bond Claim Action without prejudice [*Id.* at 12].

In September 2011, GAIC filed a complaint for interpleader in the Knox County Chancery Court seeking to deposit with the court funds in the amount of approximately $750,000, which GAIC held as security for the payment and performance bonds ("Interpleader Action") [*Id.* at 11]. On December 20, 2011, defendant and State Insulation filed a counterclaim against GAIC and a crossclaim against plaintiff [*Id.*]. Defendant and State Insulation asserted that State Insulation was entitled to the deposited funds, plus interest [*Id.*]. On January 17, 2014, defendant and State Insulation filed an amended counterclaim and crossclaim in the Interpleader Action, alleging that plaintiff failed to pay the Claims for Extra Work [*Id.* at 16]. Additionally, on September 3, 2015, defendant filed an action in the Knox County Circuit Court to divest plaintiff of its membership interest in defendant, which plaintiff obtained under the Construction Contract ("Divestment Action") [*Id.* at 15].

Plaintiff filed this suit on December 10, 2015 [Doc. 1]. Defendant subsequently filed, *inter alia*, unsuccessful motions to transfer this case to the Southern District of California [Docs. 91, 106], for judgment on the pleadings [Docs. 109, 117], and summary judgment [Docs. 125, 164]. After those motions were denied, the parties proceeded to trial. Almost three weeks before trial was scheduled to occur, defendant filed the instant motion [Doc. 211]. Plaintiff responded [Doc. 220], and defendant replied [Doc. 226].

4

The Court notes that defendant has chosen to file this dispositive motion well after the deadline imposed by the scheduling order [Doc. 41, p. 6]. However, the Court recognizes that that this type of motion can be raised at trial pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(h)(2)(C). Therefore, the Court will now consider the merits of defendant's motion.

## II. Standard of Review

A motion to dismiss for failure to join a party under Rule 19 is brought pursuant to Rule 12(b)(7). Fed. R. Civ. P. 12(b)(7). Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Sixth Circuit has established a three-part test for deciding whether dismissal is warranted for failure to join an indispensable party. *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993). Under the three-part test, the Court must decide: (1) "whether a [party] is necessary to the action and should be joined if possible," (2) whether there is personal jurisdiction over the party to be joined, and (3) whether the party to be joined is an indispensable party to the action. *Id.* The Supreme Court has stated that "whether a particular lawsuit must be dismissed in the absence of that person[] can only be determined in the context of particular litigation." *Provident Tradesmens Bank &*

*Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). "The initial burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a). . . . When the moving party does not meet its burden, dismissal is not proper under Rule 19." *Thornton & Roshon Props., Inc. v. Taylor Bldg. Prods., Inc.*, No. 2:13–cv–00309, 2013 WL 6255595, at *4 (S.D. Ohio Dec. 4, 2013) (citing *Boles v. Greeneville Hous. Auth.*, 468 F.2d 476, 478 (6th Cir. 1972)).

## III. Analysis

### A. Necessary Parties

Under the first prong of the test, "[i]f the court finds that the absent person or entity falls within either [of the provisions of Rule 19(a)(1)], the party is thus one to be joined if feasible." *Keweenaw*, 11 F.3d at 1345. However, "[i]f the court determines that the person or entity does not fall within one of these provisions, joinder, as well as further analysis, is unnecessary." *Local 670, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL–CIO v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL–CIO*, 822 F.2d 613, 618 (6th Cir. 1987).

Here, defendant argues that three separate parties are necessary to this action: (1) Moore's estate,[1] (2) the Harold M. Moore 1998 Revocable Trust or the Harold M. Moore 1998 Revocable Trust/Qualified Non-Exempt Marital Trust (the "Trust"), and (3) Melanie

---

[1] In defendant's motion, defendant makes reference to Moore or his estate as being a necessary party [Doc. 211-1, p. 2]. However, Moore is deceased, and a deceased person cannot be sued. *See Harris v. U.S. Bank Nat'l Ass'n*, No. 20-2005, 2021 WL 7542603, at *3 (6th Cir. Sept. 10, 2021). Therefore, the Court will only analyze defendant's arguments as they relate to Moore's estate.

6

Moore in her capacity as trustee of the Trust (the "Trustee") [Doc. 211, p. 1]. For the following reasons, the Court does not find that defendant has met its burden in demonstrating that Moore's estate, the Trust, or the Trustee are necessary parties to this action.

### 1. Moore's Estate

Defendant argues that Moore's estate is a necessary party because in its absence, the Court cannot accord complete relief among the existing parties [Doc. 211-1, p. 7]. Defendant states that plaintiff claims that defendant breached the Incentive Agreement [*Id.* at 6]. Defendant contends that it was neither a party nor a signatory to the Incentive Agreement [*Id.*]. Instead, defendant asserts that the Incentive Agreement was between Moore and Hardisty [*Id.* at 7].

Plaintiff responds that its claim under the False Claims Act is for damages for retaliatory actions by its employer [Doc. 220, p. 5]. Plaintiff contends that only defendant was plaintiff's employer, not Moore [*Id.*]. Plaintiff further argues that its claim for breach of contract is for breach of the Construction Contract, not the Incentive Agreement [*Id.*]. Plaintiff asserts that defendant was a party to the Construction Agreement and Moore was not [*Id.*]. Plaintiff contends that defendant had an obligation under the Construction Contract to pay plaintiff, if the subcontractors were not, in the alternative, directly satisfied by defendant [*Id.* at 5–6.]. However, plaintiff argues that defendant did not satisfy the claims of the subcontractors or pay plaintiff, and that failure to pay is the breach that plaintiff is suing for [*Id.* at 6].

7

Rule 19(a)(1)(A) states that a party is required to be joined if "in that [party's] absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1)(A). Under this prong of Rule 19, "[c]ompleteness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009).

The Court finds that complete relief can be accorded among the existing parties, and Moore's estate is not a necessary party. Contrary to defendant's assertion, plaintiff is not alleging breach of the Incentive Agreement. Instead, plaintiff's breach of contract claim is based on the Construction Contract. The Construction Contract was a contract entered into between plaintiff and defendant. Both plaintiff and defendant are parties to this action; therefore, complete relief can be accorded among the existing parties. *See Sabre Energy Corp. v. Gulfport Energy Corp.*, No: 2:19-cv-5559, 2021 WL 2779157, at *3 (S.D. Ohio July 2, 2021) (finding that complete relief could be accorded where all parties to the agreements under which relief was sought were parties to the action).

As to plaintiff's claim under the False Claims Act, plaintiff seeks damages based on the actions that defendant took in retaliation against plaintiff. The False Claims Act protects employees, contractors, and agents from retaliation under the terms and conditions of their employment for exposition of fraud against the federal government. 31 U.S.C. §§ 3729–3730; *Jones-McNamara v. Holzer Health Sys.*, 630 F. App'x 394, 397 (6th Cir. 2015). Here, plaintiff was hired as a general contractor by defendant. Plaintiff was not

8

employed by Moore.  Therefore, complete relief can be accorded among plaintiff and defendant.

In conclusion, Moore's estate is not a necessary party to this action.[2]  As a result, further analysis under Rule 19 is unnecessary.  *See Local 670*, 822 F.2d at 618.

### 2. The Trust and the Trustee

Defendant argues that the Trust or the Trustee is a necessary party because in the absence of the Trust or the Trustee, the Court cannot accord complete relief among the existing parties [Doc. 211-1, p. 5].  Specifically, defendant alleges that plaintiff claims that it is entitled to the BSPRA under the terms of the Construction Contract [*Id.*].  Defendant contends that the BSPRA represents a ten percent membership interest in defendant [*Id.*].  Defendant further contends that plaintiff and Moore entered an Assignment Agreement whereby plaintiff transferred its interest in defendant to Moore [*Id.*].  On April 12, 2015, Moore passed away, and the interest transferred to Moore under the Assignment Agreement is now held by the Trust [*Id.* at 2].  As a result, defendant argues that to the extent that plaintiff seeks the interest transferred or a damage award based on the BSPRA, relief must be received from the Trust or the Trustee [*Id.* at 5–6.].

Plaintiff responds that in this case, it is not seeking return of its interest in defendant [Doc. 220, p. 4].  Plaintiff further contends that the absence of the Trust or the Trustee as

---

[2] Plaintiff has asserted eight claims in this lawsuit.  Defendant argues in its reply that the Court should dismiss any causes of action that plaintiff did not address in its response [Doc. 226, p. 1].  However, defendant has failed to properly demonstrate to the Court how Moore's estate is necessary to each of plaintiff's eight claims.  Therefore, the Court has analyzed the necessity of Moore's estate only in relation to those claims that have been addressed.

9

a party to this action does not prevent plaintiff from obtaining complete relief from defendant [*Id.*]. Instead, plaintiff asserts that under its RICO claim, it is seeking its lost profit on the construction, which was to be paid via receipt of a ten percent membership interest in defendant and was predicated upon defendant's racketeering predicate acts [*Id.* at 5]. In addition, it states that RICO provides for joint and several liability, and joint tortfeasors are not necessary parties [*Id.* at 4–5]. Plaintiff further argues that any claims for contribution that may exist between defendant and the Trust and/or the Trustee are not relevant to who plaintiff is entitled to recover from [*Id.* at 5].

Rule 19(a)(1)(A) states that a party is required to be joined if "in that [party's] absence, the court cannot accord complete relief among existing parties . . . ." Fed. R. Civ. P. 19(a)(1)(A). Under this prong of Rule 19, "[c]ompleteness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Sch. Dist. of City of Pontiac*, 584 F.3d at 265.

Pursuant to Rule 17(b)(3), the capacity of a trust to sue or be sued is determined "by the law of the state where the [district] court is located . . . ." Fed. R. Civ. P. 17(b)(3). The Sixth Circuit has held that under Tennessee law, trustees are the proper parties to be sued, not the trust itself. *Coverdell v. Mid-South Farm Equip. Ass'n*, 335 F.2d 9, 13 (6th Cir. 1964) (quoting *Rittenberry v. Lewis*, 222 F. Supp. 717, 723 (E.D. Tenn. 1963)).

Here, defendant has failed to establish that the Trust is a necessary party. Specifically, the Trust is not necessary because it is not the proper party to be sued. *See Meznarich v. Morgan Waldron Ins. Mgmt., LLC*, No. 1:10CV02532, 2011 WL 4633915,

10

at *3–4 (N.D. Ohio Sept. 30, 2011) (finding that a trust was not a necessary party to the action under Rule 19). Therefore, the Court does not find that this action should be dismissed for failure to join the Trust.

Although a trust is not a proper party to an action, the trustee of a trust is. *Coverdell*, 335 F.2d at 13 (citing *Rittenberry*, 222 F. Supp. at 723). Therefore, the Court will assume for purposes of defendant's motion that any arguments made as to the Trust are also made as to the Trustee.

The Court finds that complete relief can be accorded among the existing parties, and the Trustee is not a necessary party on this basis. Defendant contends that because the Trust contains the interest that plaintiff seeks, the Trust is a necessary party. However, under plaintiff's breach of contract claim, plaintiff does not seek return of the interest transferred under the Assignment Agreement. Instead, plaintiff rests its breach of contract claim on the allegation that it is entitled to the BSPRA under the terms of the Construction Contract, which was to be paid in the form of an interest in defendant. The Construction Contract was a contract entered into between plaintiff and defendant. Both plaintiff and defendant are parties to this action; therefore, complete relief can be accorded among the existing parties. *See Sabre Energy Corp.*, 2021 WL 2779157, at *3 (finding that complete relief could be accorded where all parties to the agreements under which relief was sought were parties to the action).

Plaintiff also seeks damages under its RICO claim in the form of the interest it is allegedly owed under the Construction Contract. Under a RICO claim, defendants may be

11

held jointly and severally liable. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990). The Sixth Circuit has stated that "a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001); *see also Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012) (finding that joinder of a joint tortfeasor did not affect the plaintiffs' ability to recover complete relief as between themselves and the defendant). Moreover, "the possibility of related third-party liability . . . by way of joint liability, contribution or vicarious liability . . . does not require the joinder of those parties to a single suit." *Malibu Media, LLC v. Patel*, No: 2:14-cv-559, 2015 WL 12698035, at *1 (S.D. Ohio May 12, 2015).

Here, plaintiff has not alleged that the Trustee is one of the parties involved under its RICO claim. Even if plaintiff had alleged that the Trustee was involved, plaintiff would not be required to join the Trustee in this lawsuit because joint tortfeasors are not necessary parties. Although defendant and the Trustee may have claims against one another by way of contribution, defendant's potential remedy or liability does not make the Trustee a necessary party to this action. Therefore, complete relief can be accorded among the existing parties, and the Trustee is not a necessary party on this basis.

Defendant also argues that the Trust is a necessary party because the Trust has an interest relating to the subject of this action and is so situated that disposing of the action in the Trust's absence may impair or impede the Trust's ability to protect the interest [Doc. 211-1, p. 6]. Specifically, defendant contends that to the extent that plaintiff claims

12

that the transfer under the Assignment Agreement was a product of duress or otherwise improper, any recovery should be from the Trust [*Id.*]. Defendant argues that it does not hold the interest plaintiff seeks, and it cannot be held liable for the transfer under the Assignment Agreement because it was not a party to that agreement [*Id.*]. Defendant further argues that because the Trust is not a party to this action, the Trust is incapable of protecting the interest that plaintiff seeks, including any claim plaintiff has seeking to nullify the transfer of the interest [*Id.*].

Plaintiff responds that the interest transferred under the Assignment Agreement is not what plaintiff seeks in this case [Doc. 220, p. 6]. Instead, plaintiff argues that it is seeking damages for the loss of the interest caused by defendant's wrongful conduct, not contractual recission of the transfer of the interest [*Id.*]. Plaintiff further argues that even if defendant has demonstrated that the Trust has an interest, the Trust's ability to protect that interest is not impaired or impeded [*Id.* at 7]. Plaintiff first contends that it does not seek to nullify the transfer of the interest, and its RICO claim does not allow for such a remedy [*Id.*]. Furthermore, plaintiff contends that to the extent that the Trust may be subject to the preclusive effect of this suit, it is adequately represented by defendant [*Id.*]. Plaintiff asserts that the same person who controls defendant is also the Trustee of the Trust and the executor of Moore's estate, which is Melanie Moore [*Id.*].

Rule 19(a)(1)(B)(i) states that a party is required to be joined if "that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may . . . as a practical matter impair or impede the [party's] ability

to protect the interest . . . ." Fed. R. Civ. P. 19(a)(1)(B)(i). The first step is determining whether an absent party claims an interest relating to the subject of the action. *Id.* An absent party "can have a legally protectable interest in one of two ways: (1) as a party to [a] contract[] . . . or (2) as an intended third-party beneficiary . . . ." *Fort Washington Inv. Advisors, Inc. v. Adkins*, No. 1:19-cv-685, 2021 WL 1345417, at *10 (S.D. Ohio Apr. 12, 2021) (internal citations omitted). Moreover, "[a] party is not 'necessary' where it has not claimed an interest in the outcome of an action . . . ." *Century Bus. Servs., Inc. v. Bryant*, 69 F. App'x 306, 311 (6th Cir. 2003) (overruled on other grounds); *see also Bye v. Nationwide Mut. Ins. Co.*, No. 08-CV-10824, 2008 WL 3200308, at *6 (E.D. Mich. Aug. 5, 2008) (finding that an absent party had no interest where it had not come forward in court and claimed an interest relating to the subject matter of the action).

Here, defendant has not met its burden in showing that the Trust claims an interest relating to the subject matter of this action. Defendant contends that the subject matter of this lawsuit is the interest that was transferred to Moore under the Assignment Agreement. However, as previously stated, the contract under which plaintiff seeks damages is the Construction Contract, not the Assignment Agreement. The Trust was not a party to the Construction Contract and was not identified as a third-party beneficiary. In addition, plaintiff does not seek to nullify the transfer to the Trust and has asserted no claims against the Trustee.

Furthermore, the Trustee has not come forward and claimed an interest relating to the subject matter of the action. Melanie Moore, who is the managing member of

14

defendant, is also the Trustee of the Trust [Doc. 226, p. 6]. Therefore, it is assumed that if the Trustee believed that the Trust had an interest in this lawsuit, Ms. Moore, as the Trustee of the Trust, would have come forward to claim that interest when she learned of this lawsuit against defendant. Finally, the Court notes that defendant has cited to no authority to support its argument that the Trust has an interest in this case. Defendant's conclusory statements without support are not enough to meet its burden.

In conclusion, the Trustee is not a necessary party to this action.[3] As a result, further analysis under Rule 19 is unnecessary. *See Local 670*, 822 F.2d at 618.

### B. Limitation of Damages

In defendant's reply, it requests an alternative remedy if the Court does not dismiss plaintiff's complaint or any of its claims [Doc. 226, pp. 2, 8]. Specifically, defendant requests that the Court limit plaintiff's damages by excluding any recovery of damages resulting from the transfer of plaintiff's interest to Moore. [*Id.*]. Defendant states that the effect of this remedy will be to avoid subjecting defendant to claims for damages by a third party [*Id.* at 2].

The Court does not find that a limitation on damages is required. Defendant cites to no authority for its argument that a limitation on damages is warranted when a court

---

[3] As already explained, plaintiff has asserted eight claims in this lawsuit. Defendant argues in its reply that the Court should dismiss any causes of action that plaintiff did not address in its response [Doc. 226, p. 1]. However, defendant has failed to present argument to the Court as to how the Trust or the Trustee is necessary to each of plaintiff's eight claims. Therefore, the Court has analyzed the necessity of the Trust and the Trustee only in relation to those claims that have been addressed.

15

finds that a party is not required to be joined under Rule 19. Furthermore, as the Court has already noted, plaintiff does not seek a remedy under the terms of the Assignment Agreement or the Incentive Agreement. Instead, plaintiff seeks a remedy for what it is allegedly owed under the Construction Contract, which is a contract entered into between plaintiff and defendant. Moreover, if plaintiff's claim is valid and defendant is subsequently subjected to liability to a third party, this fact does require the Court to limit any damages that defendant may owe to plaintiff under the Construction Contract or for other claims that plaintiff alleges against defendant.

## IV. Conclusion

For the reasons stated in this opinion, Defendant's Motion to Dismiss Under Rule 12(b)(7) for Failure to Join an Indispensable Party [Doc. 211] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE