UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MUNSON HARDISTY, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:15-CV-547-TAV-DCP ) |
| LEGACY POINTE APARTMENTS, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion for leave to deposit funds with the Court pursuant to Federal Rule Civil Procedure 67 [Doc. 270]. Defendant requests leave to immediately deposit with the Court $1,859,020 plus postjudgment interest of $271.47 per day from July 20, 2023, the day on which the Amended Judgment was entered, until the date leave is granted [Doc. 270-1, pp. 2–3]. In response, plaintiff disagrees as to the total judgment amount and postjudgment interest owed and requests that defendant pay plaintiff or its agent directly rather than deposit the funds with the Court [Doc. 271]. The matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a).

**I.    Background**

After a six-day jury trial in September 2022, a jury found in plaintiff's favor on claims of quantum meruit and unjust enrichment and awarded plaintiff $350,000.00 and $930,000.00, respectively [Doc. 238, pp. 3–4]. After the Court entered the Initial Judgment on September 29, 2022 [Doc. 240], plaintiff moved the Court to award prejudgment interest as part of its damages [Doc. 250]. The motion was referred to United States Magistrate

Judge Debra C. Poplin [Doc. 254], who entered a Report and Recommendation ("R&R") on June 6, 2023 [Doc. 257]. The R&R recommended that prejudgment interest be awarded at an interest rate of 5% on the quantum meruit claim and at an interest rate of 10% on the unjust enrichment claim from the date on which the complaint was filed to entry of "Judgment," minus 553 days for the delay in the case [*Id.* at 24].

In its objections to the R&R, defendant contended that the R&R did not explicitly specify which of the two judgments would stop prejudgment interested from accruing [Doc. 258-1, pp. 2, 4]. Based on its reading of the R&R, defendant argued that prejudgment interest should be calculated from the date the complaint was filed until the date of the Initial Judgment, and "[a]fter that date, post-judgment interest should be applied" [*Id.* at 4]. Plaintiff agreed, stating that it was "apparent [from the R&R] that the term "Judgment" refers to the judgment already entered in September 2022" [Doc. 261, pp. 8–9]. Accordingly, on July 20, 2023, the Court entered the Amended Judgment awarding plaintiff prejudgment interest at a rate of 5% on the quantum meruit claim and 10% on the unjust enrichment claim from the filing of the complaint on December 10, 2015, to entry of the judgment on September 29, 2022, minus 551 days[1] for the delay [Doc. 264].

On August 15, 2023, defendant filed a notice of appeal [Doc. 264]. On August 17, 2023, plaintiff filed an Application for Writ of Execution on Real Property [Doc. 267] in which it asked the Court to direct the Clerk of Court to issue a Writ of Execution, as

---

[1] Based on its own review of the docket, the Court calculated the delay in the case to total 551 days instead of the 553 days as the R&R recommended [Doc. 263, p. 19].

defendant had not yet satisfied the judgment. Defendant responded in opposition [Doc. 268]. First, defendant argued that plaintiff incorrectly calculated postjudgment interest as accruing from the Initial Judgment on September 29, 2022, instead of the Amended Judgment entered on July 20, 2023 [*Id.* ¶ 1]. Defendant also opposed plaintiff's inclusion of the bill of costs in the judgment amount, as it was not contemplated in the Amended Judgment and the Court had not yet ruled on defendant's objections to it [*Id.* ¶ 2]. Further, defendant stated that it did not have the funds to satisfy the judgment and was seeking approval from the United States Department of Housing and Urban Development to obtain financing [*Id.* ¶ 4].

On September 18, 2023, defendant filed the instant motion [Doc. 270]. Defendant states that the parties have been unable to agree on the judgment amount and seeks leave to immediately deposit with the Court a total judgment amount of $1,859,020 (including prejudgment interest and excluding the bill of costs) plus postjudgment interest [Doc. 270-1, pp. 2–3]. According to defendant, postjudgment interest should be calculated from July 20, 2023, the date of the Amended Judgment, and bear interest at a daily rate of 5.33% [*Id.* at 3]. Defendant further submits that postjudgment interest will stop accruing on the date that leave is granted and requests that the Court declare the Amended Judgment satisfied once the funds are deposited [*Id.*].

Plaintiff responded the following day, requesting that the Court direct defendant to pay plaintiff or its agent directly rather than deposit the funds with the Clerk of Court [Doc. 271 ¶ 5]. Plaintiff also disputes the total judgment amount and postjudgment interest owed [*Id.* ¶ 4]. According to plaintiff's calculation, the total judgment including

3

prejudgment interest and bill of costs is $1,877,765.09 [*Id.*]. Plaintiff maintains that the bill of costs (totaling $12,266.46 [Doc. 248]) should be included in the total judgment amount and that defendant's exclusion of it was an attempt to "short change" plaintiff [Doc. 271 ¶¶ 1, 3]. Additionally, plaintiff argues that postjudgment interest was triggered upon the Initial Judgment's entry on September 29, 2022, instead of the Amended Judgment, and accrues at a daily rate of 4.08% [*Id.* ¶ 4]. Finally, plaintiff requests that the Court deem the judgment satisfied upon full payment, and plaintiff will release its judgment lien within five business days of receipt of payment [*Id.* at 3].

## II. Analysis

### A. Total Judgment Amount Owed

In accordance with the Amended Judgment [Doc. 264], defendant has attempted to calculate prejudgment interest as accruing from the filing of the complaint on December 10, 2015, to entry of the Initial Judgment on September 29, 2022, minus the delay in the case of 551 days [Doc. 270].[2] The Court first notes that defendant, likely by mistake, calculated a total of 2,465 days between December 10, 2015, to September 9, 2022. The Initial Judgment was entered on September 29, 2022 [Doc. 240], not September 9, 2022. Accordingly, the Court calculates the total number of days from December 10, 2015, to September 29, 2022, as 2,485 days, less 551 days, totaling 1,934 days (and not 1,914 days

---

[2] Plaintiff has calculated a judgment amount of $1,877,765.09, inclusive of prejudgment interest and bill of costs [Doc. 271 ¶ 4]. As the Court later explains, the bill of costs should not be included in the total judgment.

4

as defendant calculated). In total, the Court finds that the total judgment amount with prejudgment interest equals $1,865,650 ($930,000 + $350,000 + $92,750 + $492,900).[3]

Plaintiff argues that defendant "attempts to short change" plaintiff from being awarded its bill of costs [Doc. 271 ¶¶ 2–3]. This is not so. Defendant properly excluded the bill of costs from the total judgment amount. The bill of costs was not included in the Amended Judgment and will be ruled on once defendant's appeal is resolved. *See* E.D. Tenn. L.R. 54.1, Guidelines II(F)(2). Accordingly, the total judgment amount including prejudgment interest and before postjudgment interest is calculated is $1,865,650.

### B. The Initial Judgment Triggered Postjudgment Interest on the Jury Award and the Amended Judgment Triggered Postjudgment Interest on Prejudgment Interest

Under 28 U.S.C. § 1961, district courts are required to award postjudgment interest. The statute provides that "[s]uch interest shall be calculated from the date of the entry of the judgment," and "shall be computed daily to the date of payment." 28 U.S.C. § 1961(a), (b); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (holding that "postjudgment interest properly runs from the date of entry of judgment"). Since there are two judgments in this case, the Initial Judgment entered on September 29, 2022, and the Amended Judgment entered on July 20, 2023, the relevant question is which one triggered postjudgment interest on the jury's award and the Court's award of

---

[3] 1,934 days divided by 365 equals 5.30. Therefore, interest on the quantum meruit claim equals $92,750 ($350,000 * .05 * 5.30), and interest on the unjust enrichment claim equals $492,900 ($930,000 *.10 * 5.30), for a total prejudgment interest amount of $585,650.

5

Case 3:15-cv-00547-TAV-DCP   Document 274   Filed 09/29/23   Page 5 of 13   PageID #: 8580

prejudgment interest. The Court discerns there are two separate categories of money award subject to postjudgment interest in this case: (1) the jury's total award of $1,280,000, and (2) the Court's award of prejudgment interest on the jury's award in the amount of $585,650. *See Heartland Materials, Inc. v. Warren Paving, Inc.*, 384 F. Supp. 3d 786, 800 (W.D. Ky. 2019).

The Sixth Circuit has interpreted "judgment" to mean "any judgment that is not entirely set aside." *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 429 (6th Cir. 1999). The general rule for determining which "judgment" starts the accrual of postjudgment interest is that "postjudgment interest should begin to run once damages have been 'ascertained' in [a] meaningful way." *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 588 (6th Cir. 2002) (quoting *Kaiser*, 494 U.S. at 835–36).

The Court first finds that postjudgment interest on the jury's award of $1,280,000 began to accrue on September 29, 2022, the date on which the Court entered the Initial Judgment and prejudgment interest stopped accruing [*See* Docs. 240; 264]. On September 29, 2022, plaintiff's damages were ascertained in a meaningful way based on the jury's award of $930,000 for the quantum meruit claim and $350,000 for the unjust enrichment claim, for a total award of $1,280,000. *See Caffey*, 302 F.3d at 588; *Heartland Materials*, 384 F. Supp. 3d at 800.

Defendant argues that postjudgment interest accrued from the date of the Amended Judgment on July 20, 2023, instead of the Initial Judgment on September 29, 2022 [Doc. 270-1, p. 4]. In support, defendant cites to *Scotts Company v. Center Garden & Pet Company* for the proposition that a final, appealable order must be in place before

6

postjudgment interest begins. 403 F.3d 781 (6th Cir. 2005). The Court does not read *Scotts Company* to stand for the same proposition.[4] In *Scotts Company*, there were two judgments, a judgment entered after the jury rendered its verdict and a final judgment entered after more than a year. *Id.* at 787. The Sixth Circuit reasoned that the difference between the prejudgment and postjudgment interest rates would create an "equitable imbalance" if prejudgment interest stopped and postjudgment interest began on the date of the first judgment. *Id.* at 793. To avoid an "unjustified benefit to the . . . losing party," the court held that the final judgment should be the dividing line between prejudgment and postjudgment interest. *Id.* The court did not hold, as defendant contends, that a final, appealable order must be in place before postjudgment interest is triggered. *See id.* As plaintiff points out, the court instead explained that "postjudgment interest can run from the date of any judgment that is not entirely set aside." *Id.* at 792 (quotation marks omitted). Indeed, the Initial Judgment has been neither vacated nor set aside. *See id.* The Amended Judgment merely awarded plaintiff prejudgment interest on the jury's award [Doc. 264].

In arguing that postjudgment interest began accruing on July 20, 2023, defendant essentially submits that no interest of any kind accrued between September 29, 2022, and July 20, 2023. This cannot be correct, as "the purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from

---

[4] Nor could the Court identify other authority from the Sixth Circuit that supports the defendant's interpretation of *Scotts Company*. Instead, the Sixth Circuit has held that postjudgment interest began to accrue from the date of the initial judgment entitling the prevailing party to damages, even though that judgment was not an appealable final order. *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 429 (6th Cir. 1999).

7

the time between the ascertainment of the damage and the payment by the defendant." *Kaiser*, 494 U.S. at 835–36 (quotation omitted). First, to preclude plaintiff from both prejudgment and postjudgment interest on the jury award for nearly nine months between the Initial Judgment and Amended Judgment would be at odds with the compensatory nature of postjudgment interest. *See id*; *see also Caffey*, 302 F.3d at 590 (holding that to allow a gap between when a party first became entitled to a money award and when postjudgment interest on that award began to run would be contrary to "the compensatory goals of the post-judgment interest statute").

Second, "prejudgment interest should run up until the point where the federal post-judgment interest provisions are triggered." *Stryker Corp. v. XL Ins. Am.*, 735 F.3d 349, 361 (6th Cir. 2012); *Jack Henry & Assocs., v. BSC, Inc.*, 753 F. Supp. 2d 665, 672 (E.D. Ky. 2010), *aff'd*, 487 F. App'x 246 (6th Cir. 2012) ("Which Judgment stops prejudgment interest and starts postjudgment interest?") In other words, once prejudgment interest stops accruing (in this case, on September 29, 2022), postjudgment interest automatically should begin to run on the damages awarded to plaintiff. Defendant cites no authority to support its position that no interest whatsoever may accrue between judgments.[5] Indeed, defendant previously recognized that once prejudgment interest stopped accruing on September 29, 2022, postjudgment interest would start accruing

---

[5] Accordingly, the Court agrees with plaintiff that defendant cannot have it both ways. If postjudgment interest on the jury's award did not accrue until the date of the Amended Judgment, prejudgment interest (at a much higher rate than postjudgment interest) should be adjusted to accrue up until July 20, 2023, instead of September 29, 2022.

8

[*See* Doc. 258-1, pp. 2, 4]. In light of the above, the Court finds that the Initial Judgment triggered postjudgment interest on the jury award.

The Court next finds that plaintiff is also entitled to postjudgment interest on prejudgment interest, which was awarded in the Amended Judgment and began to accrue on July 20, 2023.[6] The Sixth Circuit has held that postjudgment interest on the prejudgment interest element of damages begins to run upon the Court's prejudgment interest award, at which point "plaintiff's unconditional legal entitlement to prejudgment interest was initially established." *Caffey*, 302 F.3d at 587; *Heartland Materials*, 384 F. Supp. 3d at 800. Here, the Court awarded prejudgment interest on plaintiff's quantum meruit and unjust enrichment claims on July 20, 2023, at which point, defendant's legal entitlement to prejudgment interest was first established [Doc. 264]. *See Caffey*, 302 F.3d at 587; *Heartland Materials*, 384 F. Supp. 3d at 800. Accordingly, postjudgment interest on the total prejudgment interest amount of $585,650 began accruing on July 20, 2023,[7] the date on which the Court awarded plaintiff prejudgment interest, not September 29, 2023.

Therefore, as discussed above, the Court finds that postjudgment interest on the jury's award of $1,280,000 began accruing on September 29, 2022, while postjudgment

---

[6] The Court notes that neither party has raised the issue of postjudgment interest on prejudgment interest as accruing separately from the jury's award. The Court raises the issue *sua sponte* because it discerns that there are two separate categories of money award subject to postjudgment interest in this case: (1) the jury's total award of $1,280,000, and (2) the Court's award of prejudgment interest on the jury's award in the amount of $585,650. *See Heartland Materials, Inc. v. Warren Paving, Inc.*, 384 F. Supp. 3d 786, 800 (W.D. Ky. 2019).

[7] As previously explained, prejudgment interest on the quantum meruit claim equals $92,750, and interest on the unjust enrichment claim equals $492,900 [Doc. 270-1, p. 2].

9

interest on the total prejudgment interest amount of $585,650 began accruing on July 20, 2023.

### C. Calculating Postjudgment Interest

Federal law provides that postjudgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Postjudgment interest "shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b).

First, as to the jury's award of $1,280,000, the Court has determined that the Initial Judgment is the "judgment" that triggered postjudgment interest. Accordingly, a rate of interest of 4.08% shall apply to that amount from September 29, 2022, through September 29, 2023. *See* § 1961 applying https://www.casb.uscourts.gov/post-judgment-interest-rates-2022.[8] To the extent the judgment is not paid before September 29, 2023, interest will be compounded after that date. *See* § 1961(b).

Second, postjudgment interest on the award of prejudgment interest (a total of $585,650) bears an interest rate of 5.33% from July 20, 2023, when the Amended Judgment

---

[8] The daily postjudgment interest amount on the jury's award equals $143.08 per day through September 29, 2023 ($1,280,000 * .0408 / 365). As of September 30, 2023, to the extent the amount is not deposited with the Court before then, interest will continue to accrue at a compounded rate until payment is made. *See* 28 U.S.C. § 1961(b).

10

was entered, until it is paid.[9]  *See* § 1961 applying https://www.casb.uscourts.gov/post-judgment-interest-rates-2023.

### D. Postjudgment Interest Stops Accruing Upon Deposit of Funds

Defendant contends that postjudgment interest will stop accruing on the date that the Court grants leave to deposit the funds pursuant to Federal Rule of Civil Procedure 67 [Doc. 270-1, p. 3]. Rule 67 does not provide an answer as to when postjudgment interest stops accruing. Fed. R. Civ. P. 67.[10] However, the postjudgment interest statute states that interest shall accumulate until "the date of payment." 28 U.S.C. § 1961(b).

Additionally, contrary to defendant's position,[11] federal courts have largely held that postjudgment interest stops accruing once the funds are deposited into the court's registry, not upon the Court granting leave to deposit the funds. *See, e.g., Cordero v. Jesus-Mendez*, 922 F.2d 11, 18–19 (1st Cir. 1990); *Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014); *U.S. for Use of Garrett v. Midwest Const. Co.*, 619 F.2d 349, 353 (5th Cir. 1980). Indeed, this rule makes practical sense. If a court granted leave to deposit funds, thereby tolling postjudgment interest, a defendant might be less motivated to promptly deposit said funds knowing that postjudgment interest was no longer accruing.

---

[9] The daily postjudgment interest amount on prejudgment interest equals $85.52 per day ($585,650 * .0533 / 365).

[10] Defendant cites no binding caselaw from the Sixth Circuit on the issue of tolling the accrual of postjudgment interest under Federal Rule Civil Procedure 67.

[11] The Court notes that one of the two cases defendant cites supports the proposition that interest stops accruing after a deposit with the Court has been made. *U.S. for Use of Garrett v. Midwest Const. Co.*, 619 F.2d 349, 353 (5th Cir. 1980).

11

Therefore, postjudgment interest will continue to accrue until defendant deposits the total judgment amount including prejudgment and postjudgment interest with the Court in accordance with Rule 67.

### E. Plaintiff's Writ of Execution

The Court notes that plaintiff's Application for Writ of Execution remains pending [Doc. 267]. Federal Rule of Civil Procedure 69 provides that "[a] money judgment is enforced by a writ of execution, *unless the court directs otherwise*." Fed. R. Civ. P. 69(a)(1) (emphasis added). As explained below, the Court will direct defendant to deposit the judgment (plus prejudgment and postjudgment interest) with the Court. Accordingly, in light of this Order, plaintiff's Application for Writ of Execution [Doc. 267] is **DENIED** as **MOOT.**

## III. Conclusion

For the reasons explained above, the Court authorizes defendant to deposit the total judgment amount including prejudgment and postjudgment interest into the Registry of the Court as the Court has determined above. Specifically, the judgment amount including prejudgment interest equals $1,865,650, plus postjudgment interest on (1) the jury's award of $1,280,000 at a daily rate of $143.08 per day from September 29, 2022, to September 29, 2023, with interest to be compounded after that date; and (2) prejudgment interest at a daily rate of $85.52 per day from July 20, 2023, until deposited with the Court. Upon defendant's deposit of the total judgment amount, which the Court has detailed above, postjudgment interest shall stop accruing.

The Clerk is **DIRECTED** to deposit the funds into an interest-bearing account pursuant to Local Rule 67.1 and Federal Rule of Civil Procedure 67. Given the status of this case and pending appeal, the Court finds it appropriate to **GRANT** defendant's motion [Doc. 270] to deposit the total judgment amount with the Clerk of Court rather than direct defendant to pay plaintiff or its agent directly. Finally, plaintiff's Application for Writ of Execution [Doc. 267] is **DENIED** as **MOOT.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE